## H. Y. BANGLE & CO. VS. G. W. HOLDEN, Tax Collector.

1. TAXES: *Additional Assessment. Permanent merchants. Case in judgment.* B. & Co. opened store in September, 1874. They were assessed in November of same year as transient vendors. Refusing to pay the tax assessed, their goods were levied upon and about to be sold. They filed their bill for injunction to restrain the sale, alleging that they were permanent merchants, etc. On motion, the injunction was dissolved. *Held,* that the bill alleged that they were permanent merchants, and a motion being made to dissolve admitted this allegation, and they were not liable to be taxed as transient vendors; and being permanent merchants, and having opened their store subsequent to the annual assessment and action thereon by the board of supervisors, they were not then subject to assessment and taxation for that year.

APPEAL from the Chancery Court of *Clarke* County.

Hon. R. BOYD, Chancellor.

The facts presented by the record in this case are very fully stated in the opinion of the court.

It is assigned for error :

1. Said chancery court erred in dissolving the injunction granted herein.

2. Said court erred in awarding statutory damages, and costs, against appellant and sureties, and execution for the same.

*Potter & Green,* for appellants :

Filed a brief and argument, citing the following authorities : Code of 1857, p. 71, § 5 ; Brown, use, *v.* Moseley, 11 S. & M., 358 ; *Ex parte* Reed, 4 Hill (N. J.), 572 ; Governor, use, *v.* Hancock, 2 Ala. (N. S.), 728 ; President and Directors Union Bank *v.* Classly, 10 Johns., 272 ; Richardson *v.* Scott, 47 Miss., 242.

*W. Drane*, for appellee :

Filed a written argument and cited the following authorities, to wit : Code, 1871, §§ 1666, 1674, 1684, 1685, 1693 ; Watson *v.* Sutherland, 5 Wall., 74 ; Coulson *v.* Harris, 23 Miss., 751 ; Justices of Pike Co. *v.* Griffin, 11 Ga., 246 ; Bolster *v.* Catterlin, 10 Ind., 117 ; Pitt *v.* Crossly, 5 Jones' (N. C.) Eq., 254 ; 2 Story's Eq., § 928 ; Richardson *v.* Scott, 47 Miss., 236 ; Payne *v.* Green, 10 S. & M., 507 ; Dickerson *v.* Parker, 3 How., 219 ; Bell *v.* Morrison, 5 Cush., 68 ; Livingston *v.* Livingston, 6 Johns. Ch., 497 ; Harrison *v.* Gardner, 7 Ves., 305 ; Brook *v.* Shelton, 47 Miss., 243.

Tarbell, J., delivered the opinion of the court.

Bill to enjoin sale of goods for taxes. Complainants are merchants in Clarke county, where they opened a store in September, 1874. The county assessor called upon them for the purpose of assessing them in November of that year. The tax collector soon after demanded of them a tax of $318. The capital invested by complainants in trade was $10,000. The bill avers that complainants are citizens of the state, and entirely responsible, in real and personal property, for any and all legal state and county and other taxes. It further avers that the assessor demanded the amount of the capital of complainants invested in their trade, so that he might assess them as transient vendors of goods, etc., to which they replied that they were not transient traders, but permanent merchants, and claimed that they were not liable to be assessed and taxed, the time for which, for the year 1874, having expired by law; nevertheless, that the assessor proceeded to assess them at $10,000. The bill further avers injury to the character and credit of complainants, as merchants, by being represented to the public as transient traders, whereby they will suffer irreparable injury, if not corrected. The demand of the tax of $318 by the tax collector is also averred, and the tax collector is charged to be insolvent. The tax is claimed to be illegal

because complainants located in the county after the expiration of the time fixed by law for assessing the property of citizens. The bill is unnecessarily prolix in its language and allegations, and need not be further stated.

An injunction was granted, which, on motion, was dissolved. From this order the present appeal was taken. The case presents two questions. 1st. Were the complainants permanent merchants or transient vendors? 2d. If permanent merchants, were they subject to assessment subsequent to the annual levy?

By the motion the allegations of the bill were admitted, and for the purposes of the present adjudication the complainants must be accepted as permanent merchants. Hence, in this court, the case turns upon the answer to the second question. This depends upon the construction which shall be given to the revenue laws of the state. The fiscal year begins January 1, and all taxable property brought into the state, or acquired prior to that date, shall be assessed and pay taxes for the succeeding year. Code, § 1666. Personal property shall be assessed on the day of the commencement of the fiscal year. Ib., § 1667. Annual assessments shall be made between the 1st day of February and the first Monday in July. Ib., § 1673. Meeting of the board of supervisors, to make corrections and for equalization, to be held first Monday in August. Ib., § 1685. The assessment of transient vendors and traders is provided for in § 1742. Additional assessments are provided for by the Code, § 1693, which requires the collector to assess all persons for real property left unassessed, and he shall assess all other persons and property as he may find unassessed by the assessor, and to report such assessments to the board of supervisors on the first Monday in July thereafter. By § 1689 the assessor, after returning his roll, may add any person or thing to it at any time before action on it by the board, but any person thus assessed may, at any time before the collection of the tax, bring the matter before the

board of supervisors for correction. General power to make additional assessments is conferred by § 5, of an act approved April 6, 1874. Laws of 1874, p. 48.

Reports of additional assessments are required by § 4 of same act to be made to the auditor and to the board of supervisors on the 1st days of January, April, July, and October, of each year. But the last section referred to (§ 4, Acts of 1874, p. 48), if understood, limits additional assessments to transient vendors, flat-boatmen, and dealers in live stock. This section declares that its provisions "shall not apply to assessments made upon property of the citizens of the county."

By the Code, § 1688, "In case of the destruction or deterioration in value of any real estate by any casualty, or in case of a change of ownership, after assessment, or in case of an increase of value by the erection of improvements, the board of supervisors shall have power at any time, on the application of a party interested or otherwise, to change the assessment so as to reduce or increase it to the true value of the property, or to cause the property to be charged to the purchaser thereof."

Comparing the several sections of the Code, and of the subsequent acts of the legislature, it is believed that if complainants were permanent merchants, and opened their store subsequent to the annual assessment and action thereon by the board of supervisors, they were not then subject to assessment and taxation for that year.

Whether complainants were permanent merchants or transient vendors is a question of fact to be determined by an issue and proof. As before stated, it must be assumed in the present attitude of this case that complainants were permanent merchants, and, upon the view taken of the revenue laws of the state, not subject to the levy made upon them. If they were transient traders, and not permanent merchants, and the proper authorities are disposed to contest this point, they will

have an opportunity of doing so by answer, as the case will be remanded for that purpose.

Occasion is taken to remark that this investigation has given rise to the belief that the revenue laws of the state, by numerous amendments and uncertainty of language employed, are in a sad condition of perplexity and doubt.

Decree reversed and cause remanded, with leave to respondents to answer in forty days from this date.